IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-2747-WJM-KMT

KEIFER JOHNSON,

    Plaintiff,

v.

WESTERN STATE COLORADO UNIVERSITY,
BRAD BACA, in his official capacity as president of Western State Colorado University,
GARY PIERSON, in his official capacity as Vice President Student Affairs & Dean of Students, and
SARA PHILLIPS, individually, and in her official capacity as Title IX Coordinator,

    Defendants.

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

THE COURT, having considered Plaintiff's Emergency Motion For Temporary Restraining Order, having considered the pleadings previously submitted, and having reviewed the Orders previously entered in this matter, hereby grants Plaintiff's Emergency Motion for Temporary Restraining Order.

For the period of time during which this Order is in effect, Defendants are restrained from conducting any disciplinary hearing or taking any further administrative actions against Plaintiff regarding the issues involved in this lawsuit.   There are two bases that support Plaintiff's relief.

    1.    <u>Court Scheduling Order</u>

On October 8, 2013, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 2).  The Court issued the following Order:

> This matter is before the Court on Plaintiff's [2] Motion for Preliminary Injunction and Request for Forthwith Hearing. As the Plaintiff has not alleged any immediate harm or requested that the Court act before Defendants have an opportunity to be heard, the Court considers the Motion to be a request pursuant to Fed. R. Civ. P. 65(a). The Court ORDERS that Defendant file an answer and opposition to the Motion for Preliminary Injunction no later than 7 days after service of the same. Plaintiff may file a reply to the Motion with 7 days of service of the opposition. After the briefing is complete, the Court will review the papers and determine whether a hearing on the Motion is necessary.

*See*, ECF No. 10.

On October 17, 2013, the Plaintiff filed a further Emergency Motion for Temporary Restraining Order. (ECF No. 10.) That Motion informed the Court that Defendants were intending to proceed with a disciplinary hearing of Plaintiff before a university tribunal on October 22, 2013. (*Id.*)

The Court FINDS that Defendants' action in proceeding to schedule said hearing is contrary to the spirit if not the letter of this Court's Order ECF No. 10. The Court issued that Order on the basis that the *status quo ante* would be preserved until after the briefing on the preliminary injunction had become ripe. The Court is puzzled as to how Defendants could have read this Order any other way. As the Parties were well aware, the *status quo ante* at the time at the time ECF No. 10 was issued was that no diciplinary hearing had been scheduled for Plaintiff. Indeed, it was stated in that Order that there was no "immediate harm" to Plaintiff at that time to warrant the need for a temporary restraining order. (*Id.*)

As a consequence, the Court grants Plaintiff's relief directing that Defendants be restrained from conducting any disciplinary hearing or taking any further administrative actions against Plaintiff regarding the issues involved in this lawsuit during the pendency

of the effective term of this Order.  Such relief is sourced from those powers necessary for the courts to adjudicate cases in an orderly and efficacious manner. *Eash v. Riggins Trucking, Inc.*, 757 F.2d 562-64 (3d Cir. 1985).

    2.    <u>Temporary Restraining Order ("TRO") –  F.R.Civ.P. 65(b)(1)</u>

The Court also finds the requirements of F.R.Civ.P. 65(b)(1) have been met.

The Court makes specific reference to the need to maintain the *status quo ante* and prevent irreparable harm.  Specifically, a party, such as the Plaintiff here, seeking injunctive relief "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm.  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); *Freshpack Produce, Inc. v. VM Wellington, LLC*, 2013 WL 50433 (D. Colo., Jan. 3, 2013).

The Court finds that Plaintiff will likely suffer irreparable harm if the relief is not granted and the *status quo ante* maintained.  In his complaint, Plaintiff challenges the constitutional adequacy of Defendants' disciplinary proceedings.  To allow Defendants to move forward with these disciplinary proceedings at this time, without the Court having the opportunity to consider the merits of Plaintiff's contentions, may subject Plaintiff to irreparable harm at this time.  The Court finds that such possible harm can at this juncture of the litigation be avoided by ordering the maintenance of the *status quo ante* until the merits (if any there be) of Plaintiff's arguments can be evaluated and ruled upon. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *United States v. Adler's Creamery*, 107 F.2d 987, 990 (2d Cir. 1939) (holding that its function is to "preserve the *status quo ante* . . . upon a showing that there would otherwise be danger of irreparable injury."); *Freshpack*, 2013 WL 50433; *SIFMA v. Garfield,* 469 F. Supp. 2d

25 (D. Conn. 2007).

Given the briefing schedule that has been put in place below, along with the need for Defendants to outline the scope and contours of the disciplinary proceedings in supplemental briefing, the Court finds that this approach guards against any possible harm to Plaintiff's rights.

Accordingly, Plaintiff is at high risk of suffering immediate and irreparable injury without intervention of the Court, warranting the need for the Court to grant the relief sought by Plaintiff in his Motion. (ECF No. 23 at 7.)

## Conclusion

For the reasons set forth below, Plaintiff's Motion at ECF No. 23 is GRANTED. The Court therefore ORDERS as follows:

1. Plaintiff's Motion for Temporary Restraining Order (ECF NO. 23) is GRANTED, effective until November 4, 2013.
2. Defendants have up to and including Wednesday, October 23, 2013 to supplement their response to the motion for preliminary injunction with declarations by three individuals, Chris Luekenga, Gary Pierson and Sara Phillips. The supplement shall be limited to addressing in detail the scope and contours of Defendants' proposed disciplinary hearing.
3. The briefing schedule in ECF No. 10 is MODIFIED. Plaintiff has up to and including October 30, 2013 to file his reply in support of his motion for a preliminary injunction, specifically addressing therein the need for an evidentiary hearing on the his motion for preliminary injunction.
4. This Order shall expire no later than 14 days from today, except for good cause

shown by Plaintiff, given which this Order may ne extended for an additional like period of time.  Further orders on Plaintiff's Motion for Preliminary Injunction may supersede this or any other Order entered pursuant to the Motion for Temporary Restraining Order.  Persons bound by this Order include any parties who receive actual notice of it by personal service or otherwise, pursuant to Rule 65(d)(2).

Dated this 21st day of October, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge
