IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02747-WJM-BNB

KEIFER JOHNSON,.

Plaintiff,

v.

WESTERN STATE COLORADO UNIVERSITY,
BRAD BACA, individually and in his official capacity as President of Western State Colorado University,
GARY PIERSON, individually and in his official capacity as Vice President for Student Affairs and Dean of Students,
SARA PHILLIPS, individually and in her official capacity as Title IX coordinator, and
CHRIS LUEKENGA, individually and in his official capacity as Associate Vice President for Student Affairs,

Defendants.

_____

## ORDER
_____

This matter arises on the following:

(1)    **Plaintiff's Motion for Leave to File Third Amended Complaint** [Doc. # 103, filed 4/21/2014] (the "Motion to Amend"); and

(2)    The plaintiff's **Unopposed Motion to Hold Defendant's Motion to Dismiss in Abeyance Until Determination of Plaintiff's Motion for Leave to File Third Amended Complaint** [Doc. # 104, filed 4/21/2014] (the "Motion for Extension").

Both motions contain extensive, material redactions which render them incomplete.  The plaintiff explains the redactions in his **Statement Concerning Redactions** [Doc. # 106, filed 4/21/2014] (the "Statement") as follows:

Plaintiff's counsel indicates to the Court and counsel that there has

been an ongoing discussion concerning the confidentiality of
certain documents that were disclosed to Plaintiff by Angela Gould
and Onna Gould, pursuant to subpoenas *duces tecum*, and that
were all marked as "Confidential" by their counsel.  Plaintiff's
counsel challenged the effort to designate all of the documents, in
blanket form, as confidential.

       \*   \*   \*

[O]n Friday, [April 18, 2014], witnesses' counsel attempted to file
items under seal, filing Motion to File Documents Under Seal and
to Close Court Proceedings Pursuant to D.C.COLO.LCivR 7.2
[ECF Doc. 99] and Motion to Quash or Alternatively, for a
Protection Order [ECF Doc. 100]

       \*   \*   \*

(For unknown reasons, the documents that counsel sought to file
under seal did not include the disputed documents. . . .)

       \*   \*   \*

Plaintiff now is constrained by pleading deadlines to which he
must respond in some fashion.

Plaintiff's counsel has elected to file the pleadings that he would
have otherwise filed without the confidentiality dispute, and redact
those areas that could draw any objection to improper disclosure of
confidential materials. . . .

When appropriate, Plaintiff will seek further direction from the
Court with regard to when and how to re-file or substitute
pleadings.

Statement [Doc. # 106] at pp. 1-3.

      The Motion to Amend and Motion for Extension have been referred to me for

consideration.  Crucial allegations are redacted from the Motion to Amend and proposed Third

Amended Complaint, making it impossible to determine whether amendment is appropriate and

should be allowed.

      Counsel of Angela and Onna Gould (the "Goulds") has filed a Motion to Quash or for

Protective Order [Doc. # 100] requesting, among other things, a finding that documents

produced by them be entitled to protection as "Confidential" documents under the Protective

Order [Doc. # 74] previously entered in this case to facilitate orderly discovery.  Documents entitled to the "Confidential" designation may be disclosed only to limited categories of people, Protective Order [Doc. # 74] at ¶4, and may be used only for the purposes of preparation and trial of this action.  Id. at ¶3.

Here, the plaintiff does not believe the disputed documents are entitled to protection as "Confidential," but he claims to need to quote, summarize, or file them in connection with required pleadings.  The Goulds, by contrast, claim the disputed documents are "Confidential," and have taken the steps necessary to seek that protection.  Under these circumstances, D.C.COLO.LCivR 7.2(e) provides the mechanism for filing the disputed documents and bringing the matter to the court's attention.[1]  That rule directs that the plaintiff should file the disputed documents and references to them as restricted but without an accompanying motion to restrict.  The Goulds then have 14 days to file a motion to restrict and, absent such a filing, the documents would be open to public inspection.  Unlike the plaintiff's use of redactions, the process specified in D.C.COLO.LCivR 7.2(e) allows the court to see the contents necessary for resolution of pending matters, whether restricted or not.

Although I am denying the Motion to Amend and Motion for Extension, the plaintiff is granted leave to refile those motions in a manner consistent with this order.

---

[1]The local rule, D.C.COLO.LCivR 7.2(e), states in relevant part:

> If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain Level 1 restriction for fourteen days.  If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.

.

IT IS ORDERED:

(1)     The Motion to Amend [Doc. # 103] is DENIED without prejudice; and

(2)     The Motion for Extension [Doc. # 104] is DENIED as moot.

Dated April 23, 2014.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge