IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-02747-WJM-BNB

KEIFER JOHNSON,

    Plaintiff,

vs.

WESTERN STATE COLORADO UNIVERSITY,
BRAD BACA, individually and in his official capacity as
    President of Western State Colorado University,
GARY PIERSON, individually and in his official capacity as Vice
    President For Student Affairs & Dean of Students,
SARA PHILLIPS, individually and in her official capacity as Title
    IX Coordinator,
CHRIS LUEKENGA, individually and in his official capacity as
    Associate Vice President For Student Affairs,
SUSAN COYKENDALL, individually and in her official capacity
    as an employee of Western State.

    Defendants

---

### PLAINTIFF'S MOTION TO LIFT STAY OF DISCOVERY

---

COMES NOW Plaintiff, by and through his undersigned counsel, and moves the Court for an order lifting the stay of discovery that was ordered on May 15, 2014 [ECF No. 137], and states in support as follows:

<u>D.C.Colo.LCivR 7.1(a) Certification of Conferral</u>. Counsel for Plaintiff certifies that, before filing this motion, he made reasonable good faith efforts to determine if the relief sought in this motion is opposed, by conferring with Defendants' counsel and providing them with the basis under which Plaintiff believes such relief is warranted. Counsel for the Defendants indicated that the motion and relief sought are opposed.

## I.  SUMMARY

Individual-capacity governmental defendants requested, and were granted, a stay of all discovery upon indicating they intended to assert Eleventh Amendment immunity and qualified immunity as defenses under Fed.R.Civ.P. 12.  Although a well-supported claim of qualified immunity will generally shield a defendant from unnecessary or burdensome discovery, the court-created doctrine is not necessarily a blanket and automatic bar to all discovery.  The qualified immunity defense is only available to shield individually named defendants from liability under Section 1983 claims in which monetary relief is sought.  When, however, a plaintiff sues the governmental entity directly, such as under Title IX, or seeks declaratory or injunctive relief against the entity through official-capacity defendants, it is proper for a court to permit limited discovery to proceed.

Lifting the stay and resuming discovery in this case is appropriate because the four Title IX claims here are not subject to any immunity defenses.  Similarly, each of the five Section 1983 claims is brought against Western State through individuals named in their official capacity, and seeks declaratory and injunctive relief.  Unless the Court concludes that Plaintiff has failed to state a claim under which relief can be granted for all nine federal-based claims, which is statistically highly unlikely, discovery will eventually proceed in this matter.  Under these circumstances, the stay cannot serve its intended purpose of avoiding unnecessary or burdensome discovery.

## II. LEGAL STANDARDS

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and more recently in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953–54 (2009), the Supreme Court has held that, when a qualified immunity defense is asserted, discovery should automatically be stayed until such time as the trial court can address the issue. Nonetheless, even where a qualified immunity defense is asserted, the Supreme Court has also held that limited discovery may still be permitted. *Crawford-El v. Britton*, 523 US 574, fn.14 (1998). In *Crawford-El*, the court observed that qualified immunity does not protect an official from all discovery, but only from that which is "broad-reaching." *Id.*

Generally, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (*citing Landis v. N. Am.Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, a balancing of the competing interests must be made by the court, weighing five critical factors: 1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *FDIC v. Renda*, 1987 WL 348635 *2 (D.Kan. 1987); *accord String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A corollary to the court's power to control its docket is the discretion to lift a stay of discovery when circumstances have changed such that the court's reasons for imposing the stay no longer exist. *Purolite Int'l, Ltd. v. Rohm & Hass Co.*, 24 U.S.P.Q.2d 1857 (E.D.Pa.1992); *Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q.2d 1369 (D.Del.1992); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (district courts possess "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" when it finds sufficient cause to do so).

### III.   ARGUMENT

*A.   Original Circumstances For the Granting
of Stay of Discovery No Longer Exist.*

Since obtaining the stay of discovery, Defendants filed two motions to dismiss, each seeking to assert the affirmative defense of qualified immunity. ECF Nos. 150 and 163. In fact, they have done no more than prematurely incant the words "qualified immunity", with an expectation of talismanic dismissal. In responses to those two motions, Plaintiff argues that Defendants have failed to properly assert qualified immunity as an affirmative defense as part of a response to the complaint, and have failed to identify those areas of the law which were not clearly established at the time of the Defendants' actions.[1] ECF Nos. 157 and 167.

---

[1] Under the qualified immunity doctrine, although a plaintiff carries a two-part burden to show 1)

The two Rule 12 motions are now fully briefed and, with a "preliminary peek"[2], the Court can quickly and easily determine that the original basis for the stay discovery has no application under the current circumstances of the case. Qualified immunity is not applicable to claims where Western State is named directly as a defendant (four claims under Title IX), nor where Western State is pleaded as a defendant through official-capacity defendants (five Section 1983 claims). Similarly, Eleventh Amendment immunity has no application when declaratory or injunctive relief is sought, as is the case with regard to each claim based upon federal law.

The preliminary peek of the Rule 12 motions will also allow the Court to ascertain whether the assertion of qualified immunity is untimely. And, even if it is not untimely asserted, the Court can also determine whether the defense is, on its face, sufficiently well pleaded to warrant further extended delay of the case. Further, it is statistically unlikely that Defendants' Rule 12(b)(6) motions will resolve all of the claims in the

---

that the defendant's actions violated a federal constitutional or statutory right, and 2) that the right was clearly established at the time of the unlawful conduct, he is not required to write a dissertation on every aspect of the law and tie in every single action by defendants alleged in the complaint. For example, it cannot currently be determine if Defendants here are claiming that the right of free speech under the First Amendment was not sufficiently well established, such that they could not have known their actions were illegal; nor if they are asserting that the law of Due Process was not sufficiently well established; etc. Thus, even if timely asserted, the invocation of qualified immunity is facially inadequate.

[2] In considering whether to grant a stay in discovery, court's will often take a "preliminary peek" at the merits of a motion to dismiss to determine whether or not it "appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). "The "preliminary peek" approach thus allows judges to refine their balancing in a way that allows them to minimize the risk of unnecessary costs and burdens in any particular case." *When Staying Discovery Stays Justice: Analyzing Motions To Stay Discovery When A Motion To Dismiss Is Pending*, Kevin J. Lynch, Wake Forest Law Review, v.47, p.71., 2012.

litigation and, thus, discovery is anticipated to proceed at some point in the future under any circumstance.  The doctrinal intent of qualified immunity and Defendants' claimed basis for the stay, to avoid unnecessary or burdensome discovery, simply no longer pertains here.

 B. *String Cheese Factors.*

Lacking the originally claimed basis for staying discovery, the Court should now conduct an analysis using the five *String Cheese* factors to determine if there is sufficient reason to continue the stay.

 1.  Burden of Stay on Plaintiff.  As with most cases, a substantial delay in the ultimate resolution of the case carries adverse risks for Plaintiff, with possible decreases in evidentiary quality and witness availability.  Additionally, here, Plaintiff is a 20-year-old college student with a substantial personal interest in proceeding expeditiously, as the stress of federal court litigation has interfered with his undergraduate education.  This factor weighs heavily in favor of Plaintiff because the litigation involves highly personal matters and has been subject to reports in the media.

 2.  Burden of Lifting Stay on Defendants.  Because the very purpose of imposing the stay is no longer present, lifting the stay carries no risk that Defendants will suffer any unnecessary or burdensome discovery.

 3.  The Convenience To The Court.  This case is just short of one year from its filing date, however, no depositions have been taken and no interrogatories have been tendered by any of the parties.  Although necessarily filed in haste, the matter is not so extraordinary, nor so complex, that it should be expected to remain inactive on the

docket for years before nearing a day in court, or even reaching determination of the Rule 12 motions.  There are no extraordinary circumstances justifying a further substantial delay of this matter, and it is inherently in the Court's best interest to expeditiously manage its docket by allowing it to go forward.

<u>4.  Interests Of Persons Not Parties To The Civil Litigation</u>.  Non-parties with interest in this litigation may include Onna Gould and her mother Angela Gould, and, more broadly, the students and staff at Western State Colorado University.  The Goulds have resisted the discovery process, nonetheless they will ultimately be subject to depositions and be subpoenaed to appear as witnesses at trial; presumably they would prefer to complete that process sooner rather than later.

As Keifer Johnson's disciplinary actions, as well as this litigation, have been a matter of public knowledge at Western State and a distraction from the educational process, both the school's students and staff would likely benefit from an expeditious resolution of this litigation.

<u>5.  The Public Interest.</u>  This case has drawn regional media attention, being the subject of a feature story in the September 18, 2014, issue of *Westword* magazine, and reported upon by the *Gunnison Country Times* newspaper, on September 25, 2014.[3] There is presently a larger, national debate taking place about the treatment of sexual

---

[3] *Westword* magazine, September 18, 2014 (http://blogs.westword.com/latestword/2014/09/fifty_shades_of_grief_western_state.php); *Gunnison Country Times*, September 25, 2014, (http://www.gunnisontimes.com) (story available online by subscription).

assaults on college campuses and the inability of schools to adequately address this problem, both in the handling of the claims of assault and in the over-reactions that have occurred in disciplinary prosecutions of accused.[4] The general public interest in having this case expeditiously resolved is substantial.

C.  *Johnson v. Parker Personal Care Homes, Inc.*

Recently, in the case of *Johnson v. Parker Personal Care Homes, Inc.*, this Court addressed a similar situation, concerning the "issue of staying discovery in the face of a qualified immunity defense." *Johnson v. Parker Personal Care Homes, Inc.*, 13-cv-03319-WJM-BNB, Order, April 18, 2014. In *Johnson*, the Court turned for guidance to the case of *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004), quoting from it extensively:

> Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery, invocation of the defense is not a bar to all discovery. First, it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is

---

[4] Recent media exposés on the subject include Pulitzer Prize winning author Walt Bogdanich's series of articles in *The New York Times* (http://www.nytimes.com/2014/07/13/us/how-one-college-handled-a-sexual-assault-complaint.html, http://www.nytimes.com/2014/07/22/nyregion/support-for-a-student-grows-as-college-examines-its-sexual-assault-policies.html); Caitlin Flanagan's in-depth look at the role of colleges in caring for its students and fraternity liability issues, The Dark Power of Fraternities, February 19, 2014, *The Atlantic* magazine (http://www.theatlantic.com/features/archive/2014/02/the-dark-power-of-fraternities/357580/); *Time* magazine cover story, The Debate: How Should College Campuses Handle Sexual Assault?, May 15, 2014, (http://time.com/100038/college-sexual-assault-debate/); *Chronicle of Higher Education,* A Scripted Response to Sexual Assault, Monica Vendituoli, August 25, 2014, (http://chronicle.com/article/A-Scripted-Response-to-Sexual/148465/); *Business Insider*, How 'Consensual' Sex Got A Freshman Kicked Out Of College And Started A Huge Debate, September 15, 2014 (http://www.businessinsider.com/occidental-sexual-assault-2014-9).

> also limited. The defense is available only to individual government officials, not governmental entities. Furthermore, it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief. Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity.
>
> Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in *Crawford-El* [523 U.S. 574 (1998)] observed, qualified immunity does not protect an official from all discovery, but only from that which is "broad-reaching." *Id.* at 643.
>
> * * *
>
> The foregoing discussion explores the type of discovery that the individual Defendants should be protected against: namely, discovery requests (i) directed against the individual Defendants, (ii) in support of a claim for monetary damages, (iii) which seek information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense.

*Johnson v. Parker Personal Care Homes, Inc.,* 13-cv-03319-WJM-BNB, Order, April 18, 2014, *quoting Rome*, 225 F.R.D. at 643, 645 (D. Colo. 2004). This Court went on to concur with the reasoning provided in *Rome*, and allow limited discovery to proceed:

> [D]iscovery requests directed at the institutional Defendants; relating to any claim for declaratory or injunctive relief; or seeking information regarding the individual Defendants' version of the incidents in question are properly made, notwithstanding the pendency of the [dispositive motion based on qualified immunity].

*Id.*

The background and circumstances of this case are similar, such that discovery should permitted to go forward, as occurred in *Johnson v. Parker Personal Care Homes, Inc.*, and *Rome*.

## IV.     CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests the Court to lift the stay of discovery ordered on May 15, 2014.

DATED:     October 1, 2014
           Denver, Colorado

>                    GREGORY R. STROSS
>                    Attorney At Law
>
>                    By: s/Gregory R. Stross
>                    Gregory R. Stross
>                    1625 – 17th Street, Suite 300
>                    Denver, CO  80202
>                    Telephone:  303-339-0647
>                    E-mail:  gstross@strosslegal.com
>
>                    ATTORNEY FOR PLAINTIFF KEIFER JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2014, I sent the foregoing *Plaintiff's Motion to Lift Stay of Discovery*, to the following persons via the CM/ECF filing system, at the email addresses noted:

| | | |
|---|---|---|
| Jonathan P. Fero<br>Assistant Solicitor General<br>jon.fero@state.co.us<br>Attorney for Defendants<br>Western State, Baca, Pierson,<br>Phillips, and Luekenga | Michelle Merz-Hutchinson<br>First Assistant Attorney General<br>michelle.merz-hutchinson@state.co.us<br>Attorney for Defendants<br>Western State, Baca, Pierson,<br>Phillips, and Luekenga | Amy Colony<br>Assistant Attorney General<br>amy.colony@state.co.us<br>Attorney for Defendants<br>Western State, Baca,<br>Pierson, Phillips, and<br>Luekenga |
| Kimberly C.J. Spiering<br>Assistant Attorney General<br>kimberly.spiering@state.co.us<br>Attorney for Defendants<br>Western State, Baca, Pierson,<br>Phillips, and Luekenga | Thomas J. Lyons<br>Hall & Evans<br>lyonst@hallevans.com<br>Attorney for Defendant Susan<br>Coykendall | Mark S. Ratner<br>Hall & Evans<br>ratnerm@hallevans.com<br>Attorney for All Defendants |

>                    s/Gregory R. Stross
>                    Gregory R. Stross