**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2747-WJM-KMT

KEIFER JOHNSON,

    Plaintiff,

v.

BRAD BACA, in his official capacity as President of Western State Colorado University,
GARY PIERSON, in his official capacity as Vice President of Student Affairs & Dean of Students,
SARA PHILLIPS, in her official capacity as Title IX Coordinator,
CHRIS LUEKENGA, in his official capacity as Associate Vice President for Student Affairs, and
SUSAN COYKENDALL, in her capacity as an employee of Western State,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Keifer Johnson ("Plaintiff") brings this action against employees of Western State University ("Defendants") under 42 U.S.C. § 1983[1] alleging that a disciplinary action taken against him violated his First Amendment rights. (ECF No. 138.) Before the Court is Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 ("Motion"). (ECF No. 93.) For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARD

By signing and filing a pleading, written motion, or other paper, counsel is certifying that to the best of his or her knowledge, information or belief, formed after a

---

[1] The Court previously dismissed all claims brought under Title IX. (ECF No. 173.)

reasonable inquiry: (1) the filing is not presented for any improper purpose, (2) that any legal arguments, claims or defenses are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law, and (3) that any allegations or factual contentions or denials of factual contentions have evidentiary support, or "if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11(b); *see also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996). The standard to be applied is an objective one—whether a reasonable, competent attorney would believe, under the same circumstances, that the contentions were warranted. *See, e.g., White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). Whether to impose Rule 11 sanctions is within the sound discretion of the Court. *Coffey v. Health Trust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1331 at 476 (3d ed.) (explaining that under the 1993 amendments to Rule 11, "[t]he district court now has discretion in determining whether or not to apply sanctions for a Rule 11 violation and no longer is mandated to do so as was true under the 1983 amendment").

## II. ANALYSIS

Plaintiff contends that the Court should impose Rule 11 sanctions on Defendants' attorneys based on allegedly false representations made in Defendants' opposition to Plaintiff's request for injunctive relief. (ECF No. 93.) Specifically, Plaintiff alleges that Defendants misled the Court by stating that they did not have knowledge of the events underlying the second disciplinary proceeding during the pendency of the first disciplinary proceeding. (*Id.*) Plaintiff contends that the evidence disclosed during

discovery shows that this was not an accurate statement, and that Defendants' counsel was aware of the inaccuracy when their motion papers were filed. (*Id.*)

The Court has reviewed the documents filed by Plaintiff in support of these claims, and compared them to the statements made by Defendants' counsel. The Court strongly disagrees with Plaintiff's assertion that Defendants' counsel affirmatively misled the Court, or otherwise misstated the facts. Defendants have consistently represented that, at the time of the first disciplinary proceeding, Onna Gould had not yet made a formal sexual assault complaint against Plaintiff. Nothing in the documents provided refutes that representation. Rather, these documents show that Defendants were generally aware of the nature of the relationship between Ms. Gould and Plaintiff, and suspected that a formal complaint could be filed. However, they also show that Ms. Gould's formal complaint was not submitted until the day after the first disciplinary proceeding concluded.

Having reviewed the relevant documents, it is apparent that the parties view the evidence through vastly different lenses. However, nothing in this case remotely approaches sanctionable conduct. Defendants' counsel is entitled to make factually accurate arguments that favor their clients, which is what they did in this case. *See Coffey*, 1 F.3d at 1104 ("It is the obligation of counsel opposing the value of evidence, not the proponent, to expose weakness in evidence upon which an attorney relies for the filing of pleadings, motions and other papers."). Accordingly, Plaintiff's Motion for Sanctions is denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Sanctions (ECF No. 93) is

DENIED.

Dated this 5th day of December, 2014.

BY THE COURT:

William J. Martinez
United States District Judge