**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2747-WJM-KMT

KEIFER JOHNSON,

    Plaintiff,

v.

BRAD BACA, in his official capacity as President of Western State Colorado University,
GARY PIERSON, in his official capacity as Vice President of Student Affairs & Dean of Students,
SARA PHILLIPS, in her official capacity as Title IX Coordinator,
CHRIS LUEKENGA, in his official capacity as Associate Vice President for Student Affairs, and
SUSAN COYKENDALL, in her official capacity as an employee of Western State,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT**

Plaintiff Keifer Johnson ("Plaintiff") brings this action against employees of Western State University ("Defendants") alleging that a disciplinary action taken against him by the University violated his rights.  (Third Am. Compl. (ECF No. 138) pp. 48-82.) Plaintiff's Third Amended Complaint brought twelve causes of action: four alleging gender discrimination in violation of Title IX, five alleging civil rights violations under 42 U.S.C. § 1983, and three state law claims.  (*Id.*)  On October 24, 2014, the Court granted Defendants' Motion to Dismiss except as to Plaintiff's Fifth Claim for Relief alleging a violation of Plaintiff's First Amendment rights ("First Amendment Claim"), which remains pending in this case.  (ECF No. 173.)

In the Third Amended Complaint, three of the claims under § 1983 were brought

against Defendants in both their individual and official capacities. (*See* Third Am. Compl. pp. 64-70.)  However, Plaintiff's First Amendment Claim is brought against "Defendants Baca, Pierson, Luekenga, and Coykendall in their official capacities"; there is no mention of individual liability.  (Third Am. Compl. p. 61.)  As relief for the First Amendment Claim, Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages.  (*Id.* at 63.)  In its ruling on Defendants' Motion to Dismiss, the Court held that the Eleventh Amendment barred Plaintiff's claim for retrospective declaratory relief, as well as any claim for monetary damages against Defendants in their official capacities.  (ECF No. 173 at 22.)  The Court allowed the First Amendment Claim to proceed only as to Plaintiff's claim for prospective injunctive relief.  (*Id.*)

Plaintiff now moves the Court for leave to file a Fourth Amended Complaint ("Motion to Amend") which would amend his First Amendment Claim to be brought against Defendants in both their individual and official capacities.  (ECF No. 181.)  Plaintiff alleges that amendment should be allowed because the omission of the individual capacity First Amendment Claim was a "pleading error" that was "either typographical or inadvertent".  (*Id.* at 4.)

Because Plaintiff filed his Motion after the deadline for amending the pleadings set forth in the Scheduling Order, the Court employs a two-step analysis.  The Court must first determine whether Plaintiff has shown good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b).  If good cause is established, the Court must then evaluate whether Plaintiff has satisfied the standard for amendment of pleadings under Rule 15(a).  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted). If Plaintiff fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether Plaintiffs have satisfied the requirements of Rule 15(a). *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

The Court finds that Plaintiff has failed to establish good cause to file a Fourth Amended Complaint alleging individual liability on his First Amendment Claim. When Defendants raised Eleventh Amendment immunity in their Motion to Dismiss, Plaintiff responded by acknowledging that his First Amendment Claim "improperly request[ed] compensatory damages from official-capacity Defendants" and withdrawing his request for monetary damages on the First Amendment Claim. (ECF No. 157 at 13 n.3.) Thus, even if the omission of individual liability on the First Amendment Claim was inadvertent at the time the Third Amended Complaint was filed, Plaintiff plainly became aware of such omission while the Motion to Dismiss was being briefed. Despite such awareness, Plaintiff chose not to seek leave to file a Fourth Amended Complaint at that point, and instead withdrew his claim for monetary damages.

To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that [he] has been diligent in attempting to meet the [pleading amendment] deadline, which means [he] must provide an adequate explanation for any delay." *Minter v. Prime Equip.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The above history shows that Plaintiff was not diligent in seeking leave to amend; rather, Plaintiff had knowledge of the omission in his claims but waited to seek leave to amend his complaint until after the Court expended its resources resolving the Motion to Dismiss. The Court also finds that Plaintiff has failed to put forth an adequate explanation for such delay. Thus, the Court concludes that Plaintiff has failed to establish the good cause required to permit amendment of the pleadings under Rule 16.

Moreover, even if the Court had found that Plaintiff established good cause under Rule 16, Plaintiff would not be entitled to file an amended complaint under Rule 15(a). Under Rule 15, courts "should freely grant leave when justice so requires", *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009), because the purpose of the Rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court finds that Plaintiff has unduly delayed in seeking to amend the complaint to allege individual liability on the First Amendment Claim. As set forth above, Plaintiff knew of his omission during briefing on the Motion to Dismiss, but rather

4

than seek leave to amend at that time, Plaintiff withdrew his request for monetary damages.  (ECF No. 157 at 13 n.3.)  Plaintiff made a tactical decision at that point, and should not be allowed a second bite at the apple simply because the Court dismissed his other claims for monetary damages.

The Court also finds that allowing Plaintiff to reverse his tactical decision would unduly prejudice Defendants.  In their Motion to Dismiss, Defendants asserted qualified immunity as to all of Plaintiff's § 1983 claims.  (ECF No. 150 at 18.)  However, when deciding the Motion to Dismiss, the Court explicitly declined to consider qualified immunity with regard to the First Amendment Claim because such claim was brought against Defendants only in their official capacities.  (ECF No. 173 at 20-21 n.3.)  Thus, allowing Plaintiff to inject an individual liability First Amendment Claim at this point would unfairly prejudice Defendants.

Given all of the above, the Court exercises its discretion afforded under Rules 15 and 16 and declines to permit Plaintiff to file a Fourth Amended Complaint in this case. As such, Plaintiff's Motion for Leave to File Fourth Amended Complaint (ECF No. 181) is DENIED.

Dated this 20th day of January, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge