**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2747-WJM-KMT

KEIFER JOHNSON,

    Plaintiff,

v.

BRAD BACA, in his official capacity as President of Western State Colorado University,
GARY PIERSON, in his official capacity as Vice President of Student Affairs & Dean of Students,
SARA PHILLIPS, in her official capacity as Title IX Coordinator,
CHRIS LUEKENGA, in his official capacity as Associate Vice President for Student Affairs, and
SUSAN COYKENDALL, in her official capacity as an employee of Western State,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY OF DISCOVERY

Plaintiff Keifer Johnson ("Plaintiff") brings this action against employees of Western State University ("Defendants") alleging that a disciplinary action taken against him by the University violated his rights.  (Third Am. Compl. (ECF No. 138) pp. 48-82.) Plaintiff's Third Amended Complaint brought twelve causes of action: four alleging gender discrimination in violation of Title IX, five alleging civil rights violations under 42 U.S.C. § 1983, and three state law claims.  (*Id.*)  On October 24, 2014, the Court granted Defendants' Motion to Dismiss except as to Plaintiff's Fifth Claim for Relief alleging a violation of Plaintiff's First Amendment rights ("First Amendment Claim"), which remains pending in this case in so far as it seeks expungement of the first disciplinary proceeding from Plaintiff's official academic record.  (ECF No. 173.)

Defendants then filed a Motion to Dismiss the only remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction because there is no mention of the first disciplinary proceeding in Plaintiff's official academic record that could be expunged.  (ECF No. 178.)  In response to Defendants' Motion to Dismiss, Plaintiff filed a Motion to Lift Stay of Discovery Pursuant to Rule 56(d), which is presently before the Court ("Motion").  (ECF No. 182.)  Plaintiff contends that Defendants' Motion to Dismiss is essentially a motion for summary judgment, and that the Court should permit him to obtain discovery in accordance with Rule 56(d).  (*Id.*)

The Court disagrees that Defendants' Motion to Dismiss is essentially a summary judgment motion simply because it refers to matters outside of the complaint.  Under Rule 12(b)(1), a party asserting that the Court lacks jurisdiction "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  In such cases, a court does not "presume the truthfulness of the complaint's factual allegations" but instead "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.*; *see also Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188 (10th Cir. 2010) ("Because a 12(b)(1) motion is a speaking motion and can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion, the district court had wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1).") (internal alterations and quotations omitted).  Thus, the Court finds that Rule 56(d) does not apply at this juncture of the case, but will consider whether Plaintiff has

shown that the Court should permit him to undertake limited discovery in order to respond to Defendants' Rule 12(b)(1) Motion.

Plaintiff contends that he needs the following discovery in order to properly respond to Defendants' Motion to Dismiss:

1. What exactly was in Plaintiff's student files;
2. What is currently in Plaintiff's student files;
3. What records from the First Disciplinary Proceeding may have been inextricably joined with other incidents that were part of that proceeding and continue to exist;
4. What the school deems as "important documents" maintained in student files;
5. What the school deems "related to" disciplinary records;
6. Exactly who had, has, or will have in the future, access to Plaintiff's student files;
7. Who obtained access of the Plaintiff's disciplinary records and where, in addition to the four potential locations already identified, such records might continue to exist;
8. What and where are the formal policies concerning maintenance and dissemination of student records, including how such policies are established, who establishes such policies, and what the policies currently are, and how those policies are implemented;
9. Who decided to remove Plaintiff's records from electronic files on October 31, 2014; why the files were removed at that time; what actions were taken to remove the files; what specific communications were had with others who previously had access to the Plaintiff's records; and what actions were taken to remove files from other, non-central locations;
10. Whether declarant Pierson was, in fact, aware that Plaintiff's student files continued to exist at the time he made his declaration;
11. What the athletic department's policies are concerning releasing or discussing student histories with other schools making inquiries about student transfers through the athletic department; and
12. How the school discloses student records in order to

> comply with statutes and regulations other than the Family Educational Rights and Privacy Act.

(ECF No. 182 at 4-5.) In response, Defendants contend that Plaintiff already has the only materials needed to respond to their Motion to Dismiss because Defendants have provided a copy of Plaintiff's official academic record. (ECF No. 192 at 3.) Defendants argue that all of the other information requested by Plaintiff is irrelevant to the Motion to Dismiss. (*Id.*) Because the Court agrees with Defendant, it will deny Plaintiff's Motion.

The Court previously dismissed all claims brought in Plaintiff's Third Amended Complaint except for Plaintiff's claim for prospective injunctive relief arising out of the alleged First Amendment violation. (ECF No. 173.) With regard to his request for prospective injunctive relief, Plaintiff alleges in his Third Amended Complaint that he "is entitled to injunctive relief that requires Western State to expunge his official student file with the Office of Student Affairs at Western State regarding all information related to the First Disciplinary Proceeding." (ECF No. 138 ¶ 293.) Thus, the only issue remaining in this case is whether Plaintiff is entitled to expungement of "all information related to the First Disciplinary Proceeding" from his "official student file."

Defendants' Motion to Dismiss argues that there is no mention of the first disciplinary proceeding in Plaintiff's official student file. (ECF No. 178.) The Motion to Dismiss is brief, and is targeted directly at this single issue. (*Id.*) Plaintiff has blatantly failed to explain why he would need the wide-ranging discovery he requests in the instant Motion to respond to the Motion to Dismiss. The materials requested by Plaintiff may have been relevant if Plaintiff were pursuing some cause of action related to mishandling of records, or had some broader claim remaining in this action, but the

Court has rejected Plaintiff's attempt to inject an individual capacity claim into this case, and has dismissed Plaintiff's request for retrospective declaratory relief.  Given the narrow scope of the single claim remaining in this case, the Court can discern no basis for how any of the materials requested (other than Plaintiff's actual record) are possibly relevant to whether Plaintiff's official academic record contains any information related to the first disciplinary proceeding.  Thus, the Court finds that Plaintiff has failed to meet his burden of showing that jurisdictional discovery is appropriate in this case.  *See Breakthrough Mgmt.*, 629 F.3d at 1190 n.11 (the party seeking jurisdictional discovery has the burden to show a legal entitlement to the requested materials).

For the reasons set forth above, Plaintiff's Motion to Lift Stay of Discovery Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 182) is DENIED.  Plaintiff shall file his response to Defendants' Motion to Dismiss in accordance with the Court's December 2, 2014 Order.

Dated this 20th day of January, 2015.

BY THE COURT:

William J. Martinez
United States District Judge